Carlos C. Alsina-Batista (CA Bar #327286)
The Law Offices of Jeffrey Lohman, P.C
28544 Old Town Front St., Suite 201
Temecula, CA 92590
T: (657) 363-3331
F: (657) 246-1311
E: CarlosA@jlohman.com
*Attorneys for Plaintiff, Lynda Rexroat*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Lynda Rexroat,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Prosper Marketplace, Inc.,<br><br>　　　　Defendant. | **Case No.:**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**1. Negligent Violations of the Telephone Consumer Protection Act;**<br><br>**2. Knowing/Willful Violations of the Telephone Consumer Protection Act;**<br><br>**3. Violations of the Rosenthal Fair Debt Collection Practices Act** |

　　NOW COMES, Plaintiff, Lynda Rexroat, by her attorney, and alleges the following against Defendant, Prosper Marketplace, Inc.:

　　1.　　Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting

Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq* and in violation of California's Rosenthal Fair Debt Collection Practices Act (hereinafter "Rosenthal"), Ca Civ. Code § 1788 *et seq*.

2. The TCPA was legislated to prevent companies like Prosper Marketplace, Inc. from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

3. When enacting the Rosenthal, CA Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose declaration:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## JURISDICTION AND VENUE

4. Subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

5. Supplemental jurisdiction over the state law Rosenthal claim exists pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C § 1391(b)(1) because Defendant resides within this District.

## PARTIES

7. Plaintiff is a natural person residing in Dawson, Georgia.

8. Defendant is a business entity conducting business in the State of California with principal business office located in San Francisco, California.

9. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

10. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c).

11. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assignees and assignors, principals, corporate affiliates, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

12. Defendant has been attempting to collect on a debt from credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2 (e) of the Rosenthal Act.

13. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

14. Defendant placed collection calls to Plaintiff on telephone number (678) 283-33XX.

15. Telephone number (678) 283-33XX is assigned to cellular telephone service.

16. Defendant placed collection calls to Plaintiff from various phone numbers including, but not limited to, (866) 615-6319.

17. These collection calls were not for emergency purposes as exceptuated by 47 U.S.C. § 227(b)(1)(A).

18. On information and belief based on the considerable volume, timing and frequency, and nature of the calls, these collection calls were placed with an automatic telephone dialing system and/or an artificial or prerecorded voice.

19. Defendant did not have Plaintiff's "prior express consent" to place these collection calls with an automatic telephone dialing system or an artificial or prerecorded voice.

20. On or about November 25, 2019, Plaintiff called Defendant at telephone number (866) 615-6319.

21. Plaintiff spoke with Defendant's employees, identified herself with her personal information, and requested that Defendant stop calling her cellular phone.

22. The request was acknowledged by Defendant's employee, who represented to Plaintiff that the request would be honored.

23. Plaintiff revoked any consent, explicit, implied, or otherwise, for Defendant to call her cellular telephone with automatic telephone dialing system or an artificial or prerecorded voice.

24. Despite Plaintiff's request and Defendant's assurance, Defendant continued to place these collection calls to Plaintiff's cell phone after November 25, 2019.

25. Between November 27, 2019 and January 18, 2020, Defendant placed one hundred twenty-three (123) of these collection calls to Plaintiff's cell phone.

26. Defendant often placed multiple collection calls to Plaintiff's cell phone per day, calling as many as nine (9) times in a single day.

27. Defendant knew or should have known that Plaintiff no longer wanted it to place these collection calls.

28. Defendant did not have Plaintiff's prior express consent to use an automatic telephone dialing system or an artificial or prerecorded voice to place these collection calls.

29. Defendant placed these collection calls intending for Plaintiff to succumb to its harassing behavior and ultimately make a payment.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et. seq***

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

32. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

33. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,
## 47 U.S.C. § 227 *et. seq*.

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

36. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CA CIV CODE § 1788 *et seq*.

38. Plaintiff repeats and incorporates by reference into this cause of action

the allegations set forth above at Paragraphs 1-28.

39. Defendant violated the Rosenthal based on the following:

a. Defendant violated the *§1788.11(d)* of the Rosenthal by continuously causing Plaintiff's telephone to ring repeatedly or continuously to annoy the person called; and

b. Defendant violated the *§1788.17* of the Rosenthal by continuously failing to comply with the statutory regulations contained within section 1692d the federal Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lynda Rexroat, respectfully requests judgment be entered against Defendant, Prosper Marketplace, Inc., for the following:

## FIRST CAUSE OF ACTION

40. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein one hundred twenty-three (123) for a total of sixty-one thousand five hundred dollars ($61,500.00); and

41. Actual damages and compensatory damages according to proof at time of trial.

## SECOND CAUSE OF ACTION

42. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein one hundred twenty-three

(123) for a total of one hundred eighty-four thousand five hundred dollars ($184,500.00); and,

43. Actual damages and compensatory damages according to proof at time of trial;

### THIRD CAUSE OF ACTION

44. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

45. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*;

46. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and;

47. Actual damages and compensatory damages according to proof at time of trial.

### ON ALL CAUSES OF ACTION

48. Actual damages and compensatory damages according to proof at time of trial;

49. Costs and reasonable attorneys' fees, and;

50. Any other relief that this Honorable Court deems appropriate.

### JURY TRIAL DEMAND

51. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED

Dated: June 8, 2020        By: */s/ Carlos C. Alsina-Batista*
                           Carlos C. Alsina-Batista
                           CA Bar No. 327286
                           Attorney for Plaintiff, Lynda Rexroat